J-S23015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL JENKINS | : | |
| | : | |
| Appellant | : | No. 596 EDA 2021 |

Appeal from the Judgment of Sentence Entered November 15, 2019
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002344-2018

BEFORE:   LAZARUS, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.:                    Filed: September 30, 2021

Michael Jenkins appeals from the judgment of sentence, entered in the Court of Common Pleas of Chester County, following entry of an open guilty plea to one count each of dealing in proceeds of unlawful activity[1] and persons not to possess, use, or transfer a firearm.[2]  On November 15, 2019, the court sentenced Jenkins to an aggregate term of 7½ to 16 years' imprisonment. Jenkins filed a timely motions for reconsideration of sentence and to modify sentence, both of which the court denied.  On appeal,[3] Jenkins seeks to

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 5111.

[2] 18 Pa.C.S.A. § 6105(a)(1).

[3] Jenkins did not file a direct appeal.  On November 13, 2020, Jenkins filed a *pro se* petition under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§
*(Footnote Continued Next Page)*

challenge the discretionary aspects of his sentence and the validity of his guilty plea. On March 19, 2021, the trial court entered an order pursuant to Pa.R.A.P. 1925(b), and on May 4, 2021, pursuant to Pa.R.A.P. 1925(c)(4), counsel for Jenkins filed a statement of intent to file an **Anders**[4] brief. On June 15, 2021, counsel filed a petition to withdraw on appeal pursuant to **Anders** and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). After our review, we affirm Jenkins' judgment of sentence and grant counsel's petition to withdraw.

In his **Anders** brief, counsel raises the following issues on Jenkins' behalf: (1) did the sentencing court abuse its discretion in sentencing Jenkins; and (2) was Jenkins' guilty plea entered involuntarily or unknowingly? **See Anders** Brief, at 8.

When counsel files a petition to withdraw and accompanying **Anders** brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. **See Commonwealth v. Bennett**, 124 A.3d 327, 330 (Pa. Super. 2015). An attorney seeking to withdraw on appeal must comply with certain procedural and briefing requirements. Specifically, counsel must:

---

9541-9546. The PCRA court appointed counsel, and on March 16, 2021, the court granted Jenkins' petition and reinstated his direct appellate rights. Jenkins filed a *pro se* notice of appeal on March 17, 2021; he also sought to proceed *in forma pauperis* and requested appointment of counsel. The court appointed counsel, Phillip Alan Simon, Esquire, that same day.

[4] **Anders v. California**, 386 U.S. 738 (1967).

(1) petition the court for leave to withdraw stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous;

(2) counsel must file a brief referring to anything that might arguably support the appeal, but which does not resemble a 'no merit' letter or amicus curiae brief;

(3) counsel must furnish a copy of the brief to defendant and advise him of his right to retain new counsel, proceed *pro se* or raise any additional points that he deems worthy of the court's attention.

*Commonwealth v. Titus*, 816 A.2d 251, 254 (Pa. Super. 2003); *see also*

*Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007).

Substantial compliance with these requirements is sufficient.

*Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007).

In addition, our Supreme Court, in *Santiago*, stated that an *Anders*

brief must:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

Here, our review of the record reveals counsel has complied with the requirements for withdrawal outlined in *Anders* and its progeny. Specifically, counsel requested permission to withdraw based upon his determination the appeal is "wholly frivolous," filed an *Anders* brief pursuant to the dictates of

- 3 -

***Santiago***, furnished a copy of the ***Anders*** brief to Jenkins and advised Jenkins of his right to retain new counsel or proceed *pro se*. ***See Anders*** Brief, Exhibit B and C. ***See also Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (en banc). Counsel's petition to withdraw, which included a copy of the ***Anders*** brief, contains proof of service on Jenkins. ***See id.*** We conclude, therefore, that counsel's compliance with the ***Anders*** requirements was sufficient. ***See Wrecks***, ***supra***. Moreover, our review of the record reveals no correspondence from Jenkins responding to the ***Anders*** brief. Accordingly, we will proceed to examine the issues counsel identified in the ***Anders*** brief, and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1195 (Pa. Super. 2018) (en banc); ***see also Commonwealth v. Dempster***, 187 A.3d 266 (Pa. Super. 2018) (en banc); ***Nischan***, 928 A.2d at 353-54.[5]

First, Jenkins challenges the discretionary aspects of his sentence. ***See Anders*** Brief, at 12. He claims that the court abused its discretion in imposing consecutive sentences. ***Id.*** at 18. The following principles guide our review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse

---

[5] If we determine there are non-frivolous issues, we will deny the petition to withdraw and remand the case with directions that counsel file an advocate's brief. ***Commonwealth v. Wimbush***, 951 A.2d 379, 382 (Pa. Super. 2018). ***See also Yorgey***, ***supra*** at 1195 (this Court must conduct independent review of record to discern whether there are additional, non-frivolous issues overlooked by counsel).

of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal. An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence.

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.
>
> * * * *
>
> A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the Rule 2119(f) statement must articulate what particular provision of the [C]ode is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014) (citations omitted).

Jenkins' appeal was timely filed, he preserved this sentencing issue in his post-sentence motion, *see* Motion to Modify Sentence, 11/25/19, at ¶ 7, and there are no fatal defects in the *Anders* brief. We must determine, then, whether his claim raises a substantial question. After our independent review, we conclude that it does not.

- 5 -

This Court determines on a case-by-case basis whether a defendant has raised a substantial question in a challenge to the discretionary aspects of sentencing. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). We have stated:

> A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in *only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment*.

*Commonwealth v. Caldwell*, 117 A.3d 763, 769 (Pa. Super. 2015) (en banc) (citations and quotations omitted) (emphasis added). *See Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa. Super. 2005) (generally speaking, court's exercise of discretion in imposing consecutive as opposed to concurrent sentences is not viewed as raising substantial question). *Cf. Commonwealth v. Dodge*, 859 A.2d 771, 782 n.13 (Pa. Super. 2004) (explaining decision "is not to be read a rule that a challenge to the consecutive nature of a standard range sentence always raises a substantial question or constitutes an abuse of discretion. We all are cognizant that sentencing can encompass a wide variation of factual scenarios. Thus, we make clear again that these issues must be examined and determined on a case-by-case basis.").

Given this record, which indicates that Jenkins, a repeat felon who was statutorily ineligible to possess a firearm, sold a firearm for $300, and that

the court sentenced him for his two felonies[6] within or below the mitigated range for Jenkins' offenses, *see infra*, we agree with counsel that this claim does not raise a substantial question for our review and the claim is frivolous. The aggregate sentence does not appear on its face to be unduly harsh or excessive in light of the criminal conduct at issue. *See Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010) (imposition of consecutive, rather than concurrent, sentences may raise substantial question in only most extreme circumstances).[7]

Next, we address the validity of Jenkins' guilty plea. "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011) (citation omitted). "[A] defendant has no absolute right to withdraw a guilty plea; rather, the decision to grant such

---

[6] The offense of dealing in proceeds of unlawful activities was graded as a felony of the first degree, 18 Pa.C.S.A. § 5111(a)(1); the offense of persons not to possess was graded as a felony of the second degree, 18 Pa.C.S.A. § 6105(a)(1).

[7] Even if Jenkins had raised a substantial question, we would find no abuse of discretion. The Sentencing Guidelines recommend a standard range minimum of 40-52 months (+/- 9 months) for dealing in proceeds of unlawful activity, which carries an offense gravity score (OGS) of 8, and 72-84 months (+/- 12 months) for persons not to possess or transfer a firearm, which carries an OGS of 10. Here, the court sentenced Jenkins to 28-56 months' imprisonment on the unlawful activity conviction, and to 60-72 months' imprisonment on the persons not to possess conviction. Despite the fact that Jenkins is a repeat felony offender (RFEL), the court's sentence fell below the mitigated range of the Sentencing Guidelines on the unlawful activity conviction, and within the mitigated range on the persons not to possess conviction. *See* 204 Pa.Code 303.16(a) (Basic Sentencing Matrix).

a motion lies within the sound discretion of the trial court." ***Commonwealth***

***v. Muhammad***, 794 A.2d 378, 382 (Pa. Super. 2002).

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. Historically, Pennsylvania courts adhere to this waiver principle because [i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed.

***Commonwealth v. Lincoln***, 72 A.3d 606, 609-610 (Pa. Super. 2013) (internal quotation marks and some citations omitted).

Instantly, our review of the record reveals that Jenkins did not object to his plea during the guilty plea hearing, ***see*** N.T. Guilty Plea Hearing, 7/29/19, at 2-11, and did not seek to withdraw his plea at sentencing, ***see*** N.T. Sentencing Hearing, 11/15/19, at 2-20, or in his motions to reconsider sentence or modify sentence. ***See*** Motion for Reconsideration of Sentence, 11/19/19; Motion to Modify Sentence, 11/25/19; ***see also*** N.T. Hearing on Motion for Reconsideration of Sentence, 12/3/19, at 2-12. As noted above, in order to preserve an issue related to the validity of a guilty plea, a defendant must either object during the colloquy or otherwise raise the issue at the guilty plea hearing, sentencing hearing or in post-sentence motions.[8] ***Lincoln***,

---

[8] Indeed, "[p]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage the entry of guilty pleas as sentencing-testing devices." ***Commonwealth v. Kpou***, 153 A.3d 1020, 1023 (Pa. Super. 2016).

*supra*; *accord: Commonwealth v. Tareila*, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Accordingly, as this claim is waived, it is wholly frivolous.[9] *See Commonwealth v. Tukhi*, 149 A.3d 881, 888 (Pa. Super. 2016) ("An issue that is waived is frivolous.").

Based on the foregoing, we conclude Jenkins' claims on appeal are frivolous. Further, in accordance with *Yorgey*, 188 A.3d at 1197, we have independently reviewed the certified record in order to determine if counsel's analysis regarding the frivolous nature of the present appeal is correct. We agree with counsel's assessment. We affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

---

[9] To be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. *Commonwealth v. Pollard*, 832 A.2d 517, 522 (Pa. Super. 2003). At the guilty plea hearing, Jenkins' answers to the questions posed to him during his on-record colloquy confirmed, *inter alia*, that he understood the charges to which he was pleading guilty, that a factual basis for his plea to the charges existed, that he understood a guilty plea must be entered voluntarily, that he had not been coerced or threatened to enter a plea, that he had not been promised anything in exchange for his plea, and that he was entering his plea voluntarily. *See* N.T. Guilty Plea Hearing, *supra* at 5-10.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/30/21